J-S49012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK KEITH RICHARDSON | |
| Appellant | No. 3763 EDA 2015 |

Appeal from the Judgment of Sentence November 16, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005941-2015

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 25, 2016**

Appellant, Mark Keith Richardson, appeals from the judgment of sentence entered November 16, 2015, in the Court of Common Pleas of Delaware County. Additionally, Appellant's court-appointed counsel, Patrick J. Connors, Esquire, has filed an application to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant counsel's petition to withdraw.

On November 16, 2015, Appellant entered a negotiated guilty plea to open lewdness and possession of drug paraphernalia.[1] The trial court

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5901 and 35 P.S. § 780-113(a)(32), respectively.

sentenced Appellant, according to the terms of the negotiated plea agreement, to time served to 12 months' incarceration for open lewdness, followed by 12 months' probation for possession of drug paraphernalia. Appellant did not file a post-sentence motion challenging his sentence. This timely appeal followed.

As noted, Attorney Connors has requested to withdraw and has submitted an *Anders* brief in support thereof contending the appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the Anders brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id*. at 355 n.5 (citation omitted).

Counsel has complied with the technical requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirms that he sent a copy of the *Anders* brief to Appellant, as well as a letter explaining that Appellant

has the right to proceed *pro se* or the right to retain new counsel. Counsel has appropriately appended a copy of the letter to the motion to withdraw. *See Commonwealth v. Daniels*, 999 A.2d 5990, 594 (Pa. Super. 2010); *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). Appellant has not filed a response to the petition.

We now proceed to examine the issue counsel sets forth in the *Anders* brief: "Whether the [l]ower [c]ourt erred when it accepted the present plea of guilt and imposed the negotiated sentence without inquiring into Mr. Richardson's background?" *Anders* Brief at 1.

Turning to the merits, we observe that "[t]he entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." *Commonwealth v. Main*, 6 A.3d 1026, 1028 (Pa. Super. 2010) (citation omitted). Furthermore, Appellant may not challenge the discretionary aspects of the sentence, where the terms of the sentence were made part of the negotiated plea. *See Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004).

Here, the trial court imposed the recommended sentence that Appellant negotiated with the Commonwealth.

> When a negotiated plea includes sentencing terms (or, more properly, the Commonwealth's commitment to recommend a certain sentence), the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea.

*Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014).

Counsel is thus correct that Appellant's challenge to the trial court's imposition of the negotiated sentence is frivolous. After all, Appellant received exactly what he expressly bargained for.

Our independent review of the record does not reveal any non-frivolous arguments available to Appellant. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2016